RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/30/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FRED WILSON, et al., <br> Plaintiffs | CIVIL ACTION <br> NO. 1:13-CV-00462 |
| VERSUS | |
| POLICE DEPARTMENT OF <br> PINEVILLE, et al., <br> Defendants | JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiffs Fred Wilson, Susan Wilson, Janice Brittain and Donald Brittain on February 6, 2013 in the Louisiana Ninth Judicial District Court in Rapides Parish (Doc. 1), and removed to this court on March 5, 2013 (Doc. 1). The named defendants are John Hebert and Samantha Welch Belgard (both police officers employed by the City of Pineville), the City of Pineville, and the Pineville City Police Department.

The plaintiffs contend that Fred Wilson called the police to report that money had been stolen from his vehicle at a Chevron station on Monroe Highway in Pineville, Louisiana; Janice and Donald Brittain were bystanders. Plaintiffs contend that defendant Hebert tasered Wilson twice when he did not explain where he had gotten the money he claimed had been stolen from his vehicle. Plaintiffs further contend that, when bystander Janice Brittain gave her contact information to Susan Wilson, defendant Belgard forcefully cuffed and arrested Janice. Plaintiffs allege that Fred

Wilson and Janice Brittain were charged with resisting arrest and battery of a police officer, but those charges were later dismissed.

Plaintiffs ask for monetary damages for use of excessive force, unlawful arrest, battery, false arrest, false imprisonment, negligent hiring, training and monitoring of police officers, and retention of officers who are unfit for duty. Plaintiffs contend that Janice Britain sustained a hernia injury and Fred Wilson sustained an injury to his chest. Plaintiffs ask for monetary damages.

The City of Pineville moved to dismiss the "Pineville City Police Department" as a defendant (Doc. 5). Defendants Belgard and Hebert filed a motion to dismiss for failure to state a claim on which relief may be granted (Doc. 6), which is opposed (Doc. 10). Those motions to dismiss are now before this court for disposition.

Law and Analysis

Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted is generally viewed with disfavor and rarely granted. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th.Cir. 1988); Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). For the purposes of such a motion, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader.

Doe, 753 F.2d at 1101. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803 (1994), citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137 (1992).

Pineville City Police Department

The City of Pineville filed a motion to dismiss the claim against the Pineville City Police Department pursuant Fed.R.Civ.P. rule 12(b)(6) (Doc. 5), correctly pointing out that the City of Pineville's police department is not a separate legal entity (from the City of Pineville) and cannot be sued in its own name. See John v. Police Dept. City of Ville Platte, 2013 wl 786765 (W.D.La. 2013), and cases cited therein; La.R.S. 33:361, 362.

Since the Pineville City Police Department is not a separate

legal entity which has the power to sue and be sued, plaintiffs' action against the Pineville City Police Department should be dismissed with prejudice.

Officers Belgard and Hebert

Officers Belgard and Hebert filed a motion to dismiss the complaint, contending the plaintiffs sued them in their official capacities only, as employees of the City of Pineville.

First, it is noted that the plaintiffs did not state, in their original complaint, that Officers Belgard and Hebert were being sued in their official capacities only, and the factual allegations do not support such an inference. The fact that the City of Pineville has been sued, as Belgard's and Hebert's employer, indicates the officers have been sued in their official capacities, but does not support an inference that they are sued *only* in their official capacities.

Plaintiffs have since filed an amended complaint (Doc. 10) which specifically states that Officer Belgard and Officer Hebert are being sued in both their individual and official capacities.

Therefore, the motion to dismiss filed by Officer Belgard and Officer Hebert should be denied.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the motion to dismiss filed by the City of Pineville (Doc. 5) should be GRANTED and plaintiffs' action against the Pineville City Police

Department should be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by Officer Belgard and Officer Hebert (Doc. 6) should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 30th day of April 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE